1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,    )   1:09-cv-00009-OWW-SMS
                                 )
12               Plaintiff,      )   ORDER VACATING HEARING ON
                                 )   PLAINTIFF'S MOTION FOR DEFAULT
13  vs.                          )   JUDGMENT AND DEEMING MATTER
                                 )   SUBMITTED FOR DECISION (DOC.
14  2007 BMW Convertible 650i,   )   28)
    VIN: WBAEK13577CN80379,      )
15  License Number 6CBS415,      )   **Vacated hearing date:**
                                 )   **October 30, 2009**
16               Defendant.      )   **Time: 9:30 a.m.**
    _____)
17                                   FINDINGS AND RECOMMENDATIONS
                                     RE: PLAINTIFF'S MOTION FOR
18                                   DEFAULT JUDGMENT (Doc. 28)

19                                   ORDER DIRECTING PLAINTIFF TO
                                     SERVE THESE FINDINGS AND
20                                   RECOMMENDATIONS ON ALL
                                     POTENTIAL CLAIMANTS AND FILE A
21                                   PROOF OF SERVICE

22

23

24
         Plaintiff is proceeding with an action for forfeiture in
25
    this Court. Pending before the Court is Plaintiff's ex parte
26
    motion for default judgment, filed on August 7, 2009, with a
27
    supporting declaration of Elisa Rodriguez, which proceeds before
28

                                    1

1 a Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rule
2 72-302(c)(19).

3    I. <u>Vacating the Hearing on the Motion</u>

4    Pursuant to Rule 78-230(h) of the Local Rules of Practice
5 for the United States District Court, Eastern District of
6 California, the Court finds that the Plaintiff's ex parte motion
7 for default judgment is a matter that may appropriately be
8 submitted upon the record and briefs, including the Plaintiffs'
9 motion, supporting memorandum of points and authorities, and
10 declaration of Elisa Rodriguez filed on August 7, 2009.

11    Accordingly, the hearing on the motion, presently set for
12 October 30, 2009, IS VACATED, and the motion IS DEEMED SUBMITTED
13 to the Court for decision.

14    II. <u>Service of the Findings and Recommendations</u>

15    The remainder of this document constitutes the Court's
16 findings and recommendations with respect to Plaintiff's motion
17 for default judgment.

18    Plaintiff IS DIRECTED to serve the findings and
19 recommendations on all potential claimants to Defendant property,
20 including Jorge Leal, Elisa Leal, Johanna Leal, and Vanessa Leal,
21 and to file proof of such service no later than ten days after
22 the date of service of this order.

23    III. <u>Motion for Default Judgment</u>

24    A. <u>Legal Standards</u>

25    A court has the discretion to enter a default judgment
26 against one who is not an infant, incompetent, or member of the
27 armed services where the claim is for an amount that is not
28 certain on the face of the claim and where (1) the defendant has

been served with the claim; (2) the defendant's default has been
entered for failure to appear; (3) if the defendant has appeared
in the action, the defendant has been served with written notice
of the application for judgment at least three days before the
hearing on the application; and, (4) the court has undertaken any
necessary and proper investigation or hearing in order to enter
judgment or carry it into effect. Fed. R. Civ. P. 55(b); <u>Alan
Neuman Productions, Inc. v. Albright</u>, 862 F.2d 1388, 1392 (9th
Cir. 1988). Factors that may be considered by courts in
exercising discretion as to the entry of a default judgment and
as to setting aside a default include the nature and extent of
the delay, <u>Draper v. Coombs</u>, 792 F.2d 915, 924-925 (9th Cir.
1986); the possibility of prejudice to the plaintiff, <u>Eitel v.
McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir.1986); the merits of
plaintiff's substantive claim, <u>id.</u>; the sufficiency of the
allegations in the complaint to support judgment, <u>Alan Neuman
Productions, Inc.</u>, 862 F.2d at 1392; the amount in controversy,
<u>Eitel v. McCool</u>, 782 F.2d at 1471-1472; the possibility of a
dispute concerning material facts, <u>id.</u>; whether the default was
due to excusable neglect, <u>id.</u>; and, the strong policy underlying
the Federal Rules of Civil Procedure that favors decisions on the
merits, <u>id.</u>

     With respect to default judgments in proceedings that are in
rem actions for forfeiture, both the general Federal Rules of
Civil Procedure and the Supplemental Rules for Certain Admiralty
and Maritime Claims (Supp. R.) apply, but the latter rules
prevail if there is an inconsistency. Supp. R. A(1). Supp. R.
G(1) provides that the rule governs a forfeiture action in rem

1   arising from a federal statute; to the extent that Rule G does

2   not address an issue, Supp. Rules C and E also apply.

3   Supplemental Rule G, which took effect on December 1, 2006,

4   incorporates a common-sense approach to notice grounded in

5   defined and recognized principles of due process of law. Supp.

6   Rule G, Adv. Comm. Note on 2006 Adoption. The Advisory Committee

7   Note indicates that the rule was added to bring together the

8   central procedures governing civil forfeiture actions; it also

9   states that the rule generally applies to actions governed by the

10  Civil Asset Forfeiture Reform Act of 2000 (CAFRA) as well as

11  those excluded from it; thus, the intended scope of application

12  is very broad. The rule permits flexibility as to the time of

13  service of any warrant and supplemental process. Id. The

14  provisions for notice incorporate the traditional means of

15  publication and adopt the general principle that notice should be

16  effectuated by means reasonably calculated to reach potential

17  claimants at a cost reasonable in the circumstances, and actual

18  notice precludes a challenge to the government's failure to

19  comply with the specific requirements of the rule set forth in

20  Rule G (4)(b). Id.

21          B. The Court's Findings

22              1. Notice

23      The declaration of publication of Elisa Rodriguez (Doc. 24)

24  filed on June 3, 2009, establishes that a notice with the

25  contents required by Supp. R. G(4)(a) was published on the

26  official government internet site for thirty consecutive calendar

27  days as required by Supp. R. G(4)(a)(iv)(C).

28      With respect to the notice to persons reasonably appearing

                                 4

to be potential claimants that is required by Supp. R. G(4)(B), the verified complaint identifies Defendant vehicle as one that was seized on or about August 13, 2008, by the FBI, at 28542 Pittman Hill Road in Clovis, California, and that is presently in the custody of the United States Marshal. (Cmplt. ¶¶ 1-2.)

With respect to Jorge Leal, who resided at both 28542 Pittman Hill Road and 1656 Barstow Avenue in Clovis, and was the primary user of Defendant vehicle (Cmplt. ¶¶ 8, 12), the declaration of Elisa Rodriguez and the Marshal's return of service (Doc. 28-2, ¶ 11, Ex. I) establish that Jorge Leal was personally served with the pertinent documents on January 26, 2009. Thus, the notice to Jorge Leal complied with the requirements of Supp. R. G(4)(b).

With respect to the other potential claimants,[1] it does not appear that notice amounting to service of process that would be legally sufficient to constitute service under Fed. R. Civ. P. 4 was effected upon Elisa, Johanna, or Vanessa Leal. However, they were given notice that either complies with Supp. R. G(4) or constitutes actual notice that forecloses objection to the notice given. The appropriate documentation was delivered by the Marshal

---

[1] Elisa Leal was the wife of Jorge Leal; she stated to law enforcement officers that she had been on disability since January 2007, the Defendant vehicle belonged to a family member named Guadalupe Avina from Los Angeles, and Elisa had picked up the vehicle about six months previously and had been driving it because she had no other vehicle. (Cmplt. ¶¶ 9, 14). Johanna Leal was the adult daughter of Jorge Leal; she was an unemployed, full-time student, and she stated that her mother had brought the Defendant vehicle over to the house on Pittman Hill Road, the formal ownership of which was in Johanna's name; in the house was found a receipt for approximately $72,063.00 for the cash purchase of the Defendant vehicle by Maria Guadalupe Avina residing at Pittman Hill Road in Clovis, although surveillance revealed that Jorge Leal was the primary user of the Defendant vehicle. (Cmplt. ¶¶ 12, 15-16.) Vanessa Leal was another adult daughter who had not worked for the past two years. (Cmplt. ¶ 18.)

to the door of the house at the Pittman address (the last known
address of Elisa, Johanna, and Vanessa Leal and of Guadalupe
Avina) for all four persons on January 22, 2009. (Decl. Of
Rodriguez, ¶¶ 7-10.) The documents were mailed to the four
persons at the Pittman Hill Road address on January 14, 2009.
(Rodriguez Decl., ¶¶ 3-6.) This notice was sent by means
reasonably calculated to reach to potential claimants and
complies with Supp. R. G(4)(b)(iii)((A), (D), and (E).

Further, the internal documentation of the United States
attorney's Office and the Marshal's Service are consistent with
the receipt of actual notice. The supporting declaration of Elisa
Rodriguez, based on personal knowledge, details the contact by
the Marshal's Service with Johanna and Vanessa Leal, which
resulted in the Leals' confirmation that all parties had received
copies of the relevant process. (Decl. ¶ 13.) Further, a memo to
file dated February 12, 2009, from Anne Gaskins, Deputy United
States Marshal, reflects that on February 11, 2009, Deputy
Gaskins called Johanna and Vanessa Leal at a specified telephone
number, and they both confirmed that all parties received copies
of the process. (Decl., Ex. K.) An additional notation reflected
that paralegal Autumn Magee at the Assistant United States
Attorney's Office in Fresno had confirmed to Gaskins in a
telephone conversation that Magee received a call from the Leals
indicating that they did receive the paperwork. (Decl., Ex. K.)
With respect to Johanna Leal, a confirming letter to her from
Autumn Magee reflects that on or about February 4, 2009, the
government granted Johanna Leal's request for an extension of
time to March 6, 2009, in which to file a claim and answer.

(Decl. Rodriguez, ¶ 12, Ex. J.)

The Court finds that Jorge Leal was personally served as required by Local Rule A-540(a), and the other potential claimants received actual notice and thus, pursuant to Supp. R. G(4)(b)(v), may not oppose or seek relief from forfeiture because of a failure of notice.

The Court concludes that Plaintiff has demonstrated that it has given notice by publication and the notice required to be given to potential claimants by Rule G(4).

2. <u>Notice of Judgment Sought and of Motion for Default Judgment</u>

a. <u>Judgment Sought</u>

The Court concludes that the notice given of the judgment sought satisfied Fed. R. Civ. P. 55(d) and 54(c), which require that a judgment by default shall not be different in kind from the relief sought, or exceed in amount that prayed for, in the demand for judgment. Plaintiff expressly sought in the complaint the types of relief sought by the instant application for default judgment, including a judgment of forfeiture of the Defendant currency to the Plaintiff United States. (Cmplt. p. 7.)

b. <u>Motion for Default Judgment</u>

The application for default judgment before the Court was filed on an ex parte basis and thus was not served on the Defendant property or on any persons who might reasonably appear to be potential claimants.

Here, although there was informal contact between the government and potential claimant Johanna Leal, the contact related only to an extension of time to file any claim or answer.

No claim or answer was filed, and there are no later indications that Johanna or any other potential claimant sought or intended to defend this action on the merits. Accordingly, no notice pursuant to Fed. R. Civ. P. 55(b)(2) is necessary. See, In re Roxford Foods v. Ford, 12 F.3d 875, 879-81 (9th Cir. 1993).

### 3. Default and Entry of Default

The declarations and the Court's docket demonstrate that no person or entity made a claim or answered the complaint within the requisite thirty-day period for filing a claim of 18 U.S.C. § 983(a)(4)(A) and Supp. R. G(5), and/or within the twenty-day period set forth in Supp. R. G(5) for filing an answer thereafter. Therefore, the Clerk appropriately entered the default of all five potential claimants on April 2, 2009.

### 4. Legal Sufficiency of the Complaint

#### a. Legal Standards

A default judgment generally bars the defaulting party from disputing the facts alleged in the complaint, but the defaulting party may argue that the facts as alleged do not state a claim. Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1392. Thus, well pleaded factual allegations, except as to damages, are taken as true; however, necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default. Cripps v. Life Ins. Co. of North America, 980 F.2d 1261, 1267 (9th Cir. 1992); TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987).

Under the Civil Asset Forfeiture Reform Act (CAFRA), which applies to this case, the government must prove by a preponderance of evidence that the property is subject to

1  forfeiture. 18 U.S.C. § 983(c)(1). Further, if the government's
2  theory of forfeiture is that the property was used to commit or
3  facilitate the commission of a criminal offense, or was involved
4  in the commission of a criminal offense, the government shall
5  establish that there was a substantial connection between the
6  property and the offense. § 983(c)(3).

7      Supp. Rule G(2) requires that the complaint in a forfeiture
8  action in rem arising from a federal statute be verified; state
9  the grounds for subject-matter jurisdiction, in rem jurisdiction
10 over the Defendant property, and venue; describe the property
11 with reasonable particularity; identify the statute under which
12 the forfeiture action is brought; and state sufficiently detailed
13 facts to support a reasonable belief that the government will be
14 able to meet its burden of proof at trial.

15              b. <u>The Complaint</u>

16     The complaint filed in this action was verified. (Cmplt p.
17 8.)

18     The bases for jurisdiction are identified as 28 U.S.C. §§
19 1345 and 1355 (jurisdiction of civil proceedings commenced by the
20 United States or an agency or officer thereof, and of actions to
21 recover or enforce penalties or forfeitures under acts of
22 Congress, respectively) and 21 U.S.C. § 881(a)(6) (subjecting to
23 forfeiture, among other things, all things of value furnished or
24 intended to be furnished by any person in exchange for a
25 controlled substance or listed chemical, and all proceeds
26 traceable to such an exchange). (Cmplt. ¶¶ 1, 3.)

27     The bases of venue are identified as 28 U.S.C. § 1395
28 (placing venue for a civil forfeiture proceeding where the

property is found) and 21 U.S.C. § 881(j) (placing venue in the place where there is found the owner of property who is charged with a violation that is the basis for forfeiture of the property or where the criminal prosecution is brought). (Cmplt. ¶ 4.)

The property is described with reasonable particularity.

It is stated that the Plaintiff United States proceeds pursuant to 21 U.S.C. § 881(a)(6), and that the Defendant properties, seized in August 2008 in Clovis, California, constitute things of value furnished or intended to be furnished in exchange for a controlled substance of listed chemical, proceeds traceable to such an exchange, and/or things used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841 et seq. (Cmplt. ¶¶ 1-2.)

In the complaint there are alleged sufficiently detailed facts to support a reasonable belief that the government would be able to meet its burden of proof at trial. The complaint detailed two controlled buys of large quantities of methamphetamine from Jorge Leal at his residence in December 2007 involving $11,000.00 and $16,000.00 worth of crystal methamphetamine; follow-up investigation and surveillance; and a search of the two residences of the Leals, which revealed over seventeen grams of methamphetamine and a loaded firearm at the Barstow residence, and materials concerning manufacture of methamphetamine at the Pittman Hill Road residence. (Cmplt. ¶¶ 5-13.) EDD records revealed that Jorge Leal had not worked for two years, Elisa had been receiving disability compensation for the past year, and neither Johanna nor Vanessa had worked for two years; tax documents, public records, and evidence et the homes revealed

that the Leal family would not be able to afford luxury vehicles without drug proceeds as income. (Cmplt. ¶ 18.)

These facts support a reasonable inference that the expensive vehicle was subject to forfeiture as proceeds/property traceable to proceeds or as property intended to be used to facilitate other violations. The totality of the circumstances reflects that a substantial connection between the property and the related drug offenses (violations of 21 U.S.C. §§ 841()(1) and 841(b)(1)(A)) was demonstrated.

### 5. Status of Potential Claimants and Discretionary Factors

Here, no one has claimed an interest in the Defendant property or otherwise responded to the complaint despite adequate notice. It does not appear that there is any risk of mistake or excusable neglect on the part of anyone with a potential interest in the property or of a dispute as to a material fact essential to the government's case. No just cause for delay appears. It is apparent from the declarations submitted to the Court that none of the potential claimants is an infant, incompetent, or member of the armed services. There does not appear to be any reason why the general policy in favor of a decision on the merits would warrant refusing to enter the requested default judgment.

Accordingly, the Court finds that Plaintiff has shown its entitlement to a default judgment of forfeiture.

### 6. Form of the Judgment

A successful plaintiff in a forfeiture action is entitled to a judgment against the property, Waterloo Distilling Corp. v. U.S., 282 U.S. 577, 581 (1931), affecting the interests of all

11

1 persons in the property, <u>Hanson v. Denkla</u>, 357 U.S. 235, 246 n.12

2 (1958).

3      IV. <u>Recommendation</u>

4      Accordingly, it is hereby RECOMMENDED that:

5      1. Plaintiff's motion for default judgment be GRANTED;

6      2. Plaintiff is entitled to, and the Clerk be directed to

7 enter, a judgment that:

8           (a) The interest/s of Guadalupe Avina, Jorge Leal,

9 Elisa Leal, Johanna Leal, and Vanessa Leal in the Defendant

10 property are CONDEMNED and FORFEITED to the United States of

11 America; and

12           (b) The right, title, and interest of all potential

13 claimants in the Defendant property, including but not limited to

14 Guadalupe Avina, Jorge Leal, Elisa Leal, Johanna Leal, and

15 Vanessa Leal, are FORFEITED to the United States of America

16 pursuant to 21 U.S.C. § 881(a)(6), and are VESTED in the United

17 States; and,

18           (c) All persons claiming any right, title, or interest

19 in or to the Defendant property have DEFAULTED and no longer have

20 any right, title, or interest in the Defendant property

21 whatsoever; and,

22      3. The Clerk of Court ENTER final judgment of forfeiture for

23 Plaintiff United States of America.

24      These findings and recommendation are submitted to the

25 United States District Judge assigned to the case, pursuant to

26 the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of

27 the Local Rules of Practice for the United States District Court,

28 Eastern District of California. Within **thirty (30) days** after

being served with a copy, any party may file written objections
with the court and serve a copy on all parties. Such a document
should be captioned "Objections to Magistrate Judge's Findings
and Recommendation." Replies to the objections shall be served
and filed within ten (10) court days (plus three days if served
by mail) after service of the objections. The Court will then
review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636
(b)(1)(C). The parties are advised that failure to file
objections within the specified time may waive the right to
appeal the District Court's order. Martinez v. Ylst, 951 F.2d
1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    October 26, 2009                      /s/ Sandra M. Snyder**
                                   UNITED STATES MAGISTRATE JUDGE